# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  11-cv-2910-RBJ-KLM

MATTHEW DONACA, an individual and on behalf of all others similarly situated,

    Plaintiff,

v.

DISH NETWORK, L.L.C.,

    Defendant.

_____

## FIRST AMENDED COMPLAINT AND JURY DEMAND
_____

Plaintiff Matthew Donaca, by and through his attorneys, Pendleton Friedberg Wilson & Hennessey P.C., submits the following Complaint and Jury Demand ("Complaint"):

### I. STATEMENT OF JURISDICTION

1.    This court also has original jurisdiction under 28 U.S.C. § 1332(d)(2)(a) (2010) because the matter in controversy is believed to exceed the sum or value of $5,000,000 for the class, exclusive of interests and costs, and is a class action in which a member of the Plaintiff class is a citizen of California and the Defendant is a Colorado limited liability company.  This court also has jurisdiction, pursuant to 28 U.S.C. § 1331 (2010), because this action arises under a federal statute, 47 U.S.C. § 22 7 (2010), thereby creating federal-question jurisdiction.

513690

## II.  PRELIMINARY STATEMENT

2.  Twenty years ago, Congress recognized that unsolicited telemarketing calls are a common nuisance and an unreasonable intrusion on citizens' privacy, and enacted the Telephone Consumer Protection Act of 1991, or TCPA, to regulate telemarketing.  Among other things, the TCPA prohibits telemarketing calls to persons and entities who list their telephone numbers on the national Do Not Call Registry, prohibits telemarketers from placing unsolicited pre-recorded phone messages, and prohibits all pre-recorded calls to cellular phones without express written consent.

3.  The TCPA places responsibility for violations not only on businesses that *place* unlawful calls, but also on businesses *on whose behalf* the calls are made.

4.  Here, Defendant Dish Network, L.L.C., through its authorized retailers acting on its behalf, made more than a dozen unlawful telemarketing calls to Plaintiff Matthew Donaca, and made scores of similar calls to consumers nationwide. Defendant Dish has profited from these unlawful calls, and is liable for them under the TCPA.  Mr. Donaca brings this action individually and on behalf of a class to enforce federal law and recover statutory damages for the Defendant's violations.

## III.  PARTIES

5.  Plaintiff Matthew Donaca resides in Venice, California.

6.  Defendant Dish Network, L.L.C. is a Colorado limited liability company organized for profit, which has its principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80122.

## IV.  THE LEGAL BASIS FOR THE COMPLAINT

### The TCPA regulates the telemarketing at issue in this case

7. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

8. In 1995, under its authority to adopt rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the telemarketing act, 15 U.S.C. §§ 6101-6108 (2010), the FTC adopted the telemarketing sales rule, 16 C.F.R. § 310 (2010), which was later amended in 2003.  Among other things, the amended TSR established a "Do Not Call Registry."  The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

9. The TCPA prohibits persons or entities from initiating telephone solicitations to registered telephone subscribers.  47 U.S.C. § 227(c) (2010); 47 C.F.R. § 64.1200(c) (2010).  A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5) (2010).

10. The TCPA further prohibits the use of an unsolicited pre-recorded phone message to residential homes to advertise the sale of goods and services.  47 U.S.C. § 227(b)(1)(b) (2010); 47 C.F.R. § 64.1200 (2010).

11. It is also a violation of the TCPA to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message. 47 U.S.C. § 227(b)(1)(a)(iii) (2010).

12. Federal regulations also require that companies making telemarketing calls provide or volunteer a phone number or address for their company at any point during the call. Failure to do so is a violation of 47 C.F.R. § 64.1200(d)(4) (2010).

### *TCPA "on behalf of" liability*

13. Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls. 47 U.S.C. § 227 (c)(5) (2010).

14. As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

15. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

## V.  THE FACTUAL BASIS FOR THE COMPLAINT

### *Dish markets through its retailers, and profits from its retailers' illegal telemarketing*

16. Dish sells Dish network satellite television programming to consumers throughout the United States.

17. Dish markets its programming to consumers through a network of retailers.

18. Dish relies on its retailers, in large part, to generate new customers for Dish.

19. Dish delegates to retailers the responsibility to advertise Dish services through a variety of marketing methods, including telemarketing.

20. Dish allows its retailers to market on behalf of and to use the Dish trade name and logo in conducting telemarketing on behalf of Dish.

21. Dish's retailers hold themselves out to the public as engaged in telemarketing on behalf of Dish.

22. Dish, however, maintains sole discretion to set the price for programming offered to consumers, to determine the type of programming offered to consumers, and to determine which proposed orders solicited by retailers will be accepted.

23. Dish compensates its retailers whose marketing efforts generate new customers that are ultimately accepted and approved by Dish.

24. Dish maintains the right to terminate or discipline its retailers.

25. Dish is engaged in a partnership with its retailers.

26. Dish is engaged in a contractual association with its retailers, to carry out a single business enterprise for profit.

27. To carry out this partnership and joint venture, Dish and its retailers combined their property, money, effects, skill and knowledge.

28. In the course of its partnership or joint venture, Dish delegated authority to market its products to its retailers.

### *Dish Network and its retailers have been fined and charged with illegal telemarketing*

29. For many years, consumers complained directly to Dish, and to the Federal Trade Commission, that Dish retailers were engaging in telemarketing in violation of the TCPA.

30. In July of 2009, Dish entered into an "assurance of voluntary compliance" with the attorneys general of 48 states (the "AG settlement agreement").

31. The AG settlement agreement included allegations of unlawful telemarketing being conducted on Dish's behalf.

32. As stated in the AG settlement agreement, Dish controls the conduct, practices and procedures of its retailers:

- through its Dish Network Retailer Agreement;

- through "Business Rules" that are established by Dish Network and must be followed by retailers;

- through training that Dish Network provides to its retailers;

- by requiring retailers to take all actions and refrain from taking any action as reasonably requested by Dish Network in connection with marketing, advertising, promotion and/or solicitation or orders;

513690

- by requiring retailers to market, promote and describe Dish products and services in a manner approved by Dish;

- by setting all processes for its programming and related promotions and limiting its retailers' ability to offer and sell other goods and services to Dish customers; and

- by requiring retailers to use Dish's trademarks, logos and service marks in connection with the retail sale of Dish services and otherwise controlling their appearance and conduct when interacting with consumers.

33. Also in 2009, the Federal Trade Commission and the States of California, Illinois, Ohio and North Carolina filed suit against Dish for telemarketing to consumers whose phone numbers were listed on the Do Not Call Registry, and for telemarketing via pre-recorded message. *See United States v. Dish Network, LLC,* 667 F. Supp. 2d. 952 (C.D. Ill. 2009) (denying Dish's motion to dismiss and holding that Dish may be liable under the TCPA for the actions of its telemarketers).

34. Dish knew or should have known that its retailers were engaging in telemarketing via auto-dialer and/or pre-recorded message to residential homes and cell phones.

35. Dish knew or should have known that its retailers were engaged in repeated telemarketing to consumers whose phone numbers were listed on the Do Not Call Registry.

36. Even after Dish became aware that its retailers were engaged in telemarketing via auto-dialer or pre-recorded message, it failed to take sufficient action to end such conduct.

37. By failing to act after having knowledge of such conduct, Dish ratified illegal telemarketing conducted on its behalf by its retailers.

513690

### *Dish Network and its retailers made*
### *numerous unlawful calls to the Plaintiff*

38.     In 2006, Mr. Donaca received several telemarketing calls from Dish entities.  On November 6, 2006, he wrote to Dish and informed it of the calls, and requested that his residential phone number be added to Dish's internal Do Not Call Registry.

39.     Despite the request, on November 16, 2007, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "First Call").  The First Call was made by a Dish retailer named Apex Satellite, Inc. in Irvine, California.

40.     On July 30, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Second Call").  The Second Call was transferred to a representative named Ian who stated several times that he was calling from Dish, but then terminated the call without making further disclosure.

41.     On July 31, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Third Call").  The Third Call was transferred to Dish retailer Satellite Sales in Portland, Oregon.  Mr. Donaca spoke with a manager by the name of Michael Heen who admitted that Satellite Sales was a Dish retailer.  Mr. Donaca made a "do not call" request, as he had done on at least one previous occasion.

42.     On August 8, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Fourth Call").  The caller ID for the Fourth Call was (310) 599-5750.  The call was transferred to a representative named Blaire who hung up on Mr. Donaca without making further disclosure.

513690

43. On August 10, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Fifth Call"). The caller ID for the call was (978) 570-2310. The call was transferred to a representative named Melissa with a Dish retailer named Clear Interactive, LLC, in Aliso Viejo, California. During the call, Mr. Donaca, again, made a "do not call" request and, again, instructed that such request be forwarded to Dish.

44. On September 3, 2008, Mr. Donaca received, at his residence, a pre-recorded telemarketing call on behalf of Dish (the "Sixth Call"). The caller ID for the Sixth Call was (978) 570-2310. The call was transferred to a representative named Tyrone Brown with Clear Interactive, LLC. When Mr. Donaca inquired as to the name of the retailer making the call , Mr. Brown became abusive.

45. On March 20, 2009, Mr. Donaca received, at his residence, a live telemarketing call on behalf of Dish (the "Seventh Call"). The caller ID for the call was (315) 633-4313. The call was transferred to a retailer named Gemini Wireless/Satellite Services whose representative informed Mr. Donaca that it was a Dish retailer, with a contact number at (877) 268-9067. The (877) phone number provided to Mr. Donaca links to a retailer named Dish Promotions, of Jacksonville, Florida.

46. On March 24, 2009, Mr. Donaca received, at his residence, a live telemarketing call (the "Eighth call") from caller ID (315) 633-4313. This caller ID was identical to the caller ID for the Seventh Call which was tracked to Gemini Wireless/Satellite Services.

47.     On March 25, 2009, Mr. Donaca received, at his residence, a live telemarketing call (the "Ninth Call") from caller ID (315) 633-4313.  This caller ID was identical to the caller ID for the Seventh and Eighth Calls that were tracked to Dish.  In an effort to identify the source of the Ninth Call, Mr. Donaca dialed (315) 633-4313 and the message that answered the phone self-identified it as "Satellite Services," and further disclosed that Satellite Services is a retailer for Dish network.

48.     Mr. Donaca did not give Dish or any Dish retailer prior express consent to contact him at any time.

49.     At no time did Mr. Donaca have an established business relationship with Dish or any Dish retailer.

## VI.  CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

51.     Upon information and belief, over the past four years, Dish and/or its retailers or authorized agents, have engaged in widespread advertising via unsolicited prerecorded telemarketing calls and auto-dialer use in violation of the TCPA.

52.     Upon information and belief, over the past four years, Dish and/or its retailers or authorized agents, have engaged in widespread advertising via unsolicited prerecorded telemarketing calls and auto-dialer use, to cell phones, in violation of the TCPA.

53. Upon information and belief, over the past four years, Dish and/or its retailers or authorized agents, have engaged in widespread and repeated telemarketing to consumers whose residential phone numbers are listed on the Do Not Call Registry, in violation of the TCPA.

54. Upon information and belief, over the past several years, Dish and/or its retailers or authorized agents, have transmitted illegal calls to hundreds of thousands, if not millions, of consumers throughout the United States.

55. Upon information and belief, neither Dish nor its retailers or authorized agents obtained the consent of recipients prior to the transmission of telemarketing calls.

56. Upon information and belief, neither Dish nor its retailers obtained written consent to transmit telemarketing calls to consumers whose residential phone numbers were registered on the Do Not Call Registry.

57. The class of persons Plaintiff proposes to represent is defined as all persons or entities within the United States who Dish either directly, or through its retailers or authorized agents, sent, or caused to be sent, unsolicited telemarketing calls promoting Dish's goods or services, at any time within the four years prior to the filing of the instant complaint.

58. The class as defined above is identifiable by phone records and phone number databases used by Dish or its agents in transmitting its unsolicited prerecorded telemarketing calls.

513690

59.   On information and belief, the potential class members number in the hundreds of thousands and constitutes a class so numerous that joinder of all class members is impracticable.

60.   Plaintiff is a member of the class.

61.   There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

   a.   Whether Dish violated the TCPA by engaging in advertising by unsolicited prerecorded telemarketing calls.

   b.   Whether Dish violated the TCPA by engaging in advertising by unsolicited prerecorded telemarketing calls to consumers' cell phones.

   c.   Whether Dish violated the TCPA by making repeated telemarketing calls to residential phone numbers listed on the Do Not Call Registry.

   d.   Whether the telemarketing calls at issue were initiated by Dish or were made on behalf of Dish as those terms have been interpreted by the TCPA and the FCC.

   e.   Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Dish's actions.

62.   Plaintiff's claims are typical of the claims of the class.

63.   Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

- 13 -

64. The actions of Dish are generally applicable to the class as a whole and to the Plaintiff and the class.

65. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Dish and/or its agents.

66. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and because class members are unlikely to know that their rights have been violated.

67. Mr. Donaca is capable of representing and is willing to represent the other members of the class.

## VII.   LEGAL CLAIMS

### Count One:

### Telemarketing in violation of the TCPA through pre-recorded telemarketing calls

68.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69.   Dish, either directly or through its retailers and authorized agents, negligently and/or knowingly caused pre-recorded telemarketing solicitations to be sent to Plaintiff's home, and to the homes or cell-phones of other members of the class, in violation of the TCPA and FCC regulations.

### Count Two:

### Telemarketing in violation of the TCPA through calls to persons and entities on the Do Not Call Registry

70.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

71.   Dish, either directly or through its retailers or authorized agents, negligently and/or knowingly caused multiple telemarketing solicitations to be sent to Plaintiff's home, and to the homes or cell-phones of other members of the class, whose residential or cell-phone numbers were listed on the Do Not Call Registry, in violation of the TCPA and FCC regulations.

## Count Three:

## Injunctive relief to bar future TCPA violations

81. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

82. The TCPA expressly authorizes injunctive relief to prevent further violations of its provisions.

83. The Plaintiff respectfully requests that this Court order the Defendant, its employees, retailers, agents and independent distributors, to immediately cease engaging in telemarketing in violation of the TCPA.

## Count Four:

## Injunctive relief to preserve evidence

84. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

85. Dish or its agents have custody and control of the business records and other information necessary to identify the members of the class, including names and telephone numbers.  Unless immediate injunctive relief is ordered, it is feared that the Defendant or its agents will alter, erase, delete, destroy or otherwise dispose of the records in their possession that are necessary to identify recipients of the pre-recorded messages sent by Dish or on behalf of Dish.

86. For this reason, the Plaintiff respectfully requests the court enter an order enjoining Dish and its agents, or anyone acting on their behalf, from altering, deleting or

destroying any documents or records that could be used to identify the members of the class.

## VIII.   RELIEF SOUGHT

On behalf of himself and all class members, Plaintiff requests the following relief:

1.       That the Court grant class certification as proposed above;

2.       For negligent violations of the TCPA, a $500 penalty awarded to the Plaintiff and each class member for each telemarketing call made by or on behalf of the Defendant;

3.       For knowing violations of the TCPA, a $1,500 penalty awarded to the Plaintiff and each class member for each telemarketing call made by or on behalf of the Defendant;

4.       That the Court award the injunctive relief requested above; and

5.       That the Plaintiff and class members be granted such other and further relief as is just and equitable under the circumstances.

Plaintiff respectfully requests a trial by jury of the issues in this case.

Dated this 1st day of February, 2012.

By: *s/ John W. Barrett*
John W. Barrett
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV  25301
Tel:  304-345-6555
Fax: 304-342-1110
E-Mail:  jbarrett@bailglasser.com


Edward M. Allen
Pendleton, Friedberg, Wilson
& Hennessey, P.C.
1875 Lawrence St., 10th Floor
Denver, CO  80202-1898
Tel:  303-839-1204
FAX:  303-831-0786
E-Mail: eallen@penberg.com
*Attorneys for Plaintiff Matthew Donaca*

513690