IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MATTHEW DONACA, an individual and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                          Civil Action No. 11-cv-02910-RBJ

DISH NETWORK L.L.C.,

    Defendant.

### Order Regarding Plaintiff's Oral Motion to Compel Discovery

On August 2, 2012, the parties appeared for a telephonic hearing on Plaintiff's oral motion to compel discovery from Defendant DISH Network L.L.C. Plaintiff Matthew Donaca appeared by counsel, John W. Barrett. Defendant DISH Network L.L.C. appeared by counsel, Eric L. Zalud and Benjamen E. Kern. The Court heard argument from counsel, and ruled orally during the telephone call. This order memorializes the Court's rulings.

    1.    **DISH's temporal scope objection.** The applicable limitations period in this action reaches back to November 8, 2007, four years before Plaintiff commenced the action. On that basis, DISH has objected to producing any information or documents that relate to events that occurred before that date. Plaintiff responded that information predating November 8, 2007 is relevant to show DISH's knowledge regarding its or its retailers' violations of the Telephone Consumer Protection Act (TCPA), and Plaintiff is seeking $1,500 per violation penalties for DISH's alleged knowing violations of that statute. (First Am. Compl. at 16, ¶ 3.) Plaintiff also stated that pre-November 8, 2007 information is relevant to show DISH's policies and practices relating to TCPA compliance in effect at the time the calls at issue were placed to the Plaintiff. On that basis, Plaintiff contends that the applicable discovery period should be ten years from the date that Plaintiff commenced this action.

554708.a01

The Court finds that the applicable discovery period is January 1, 2005 to the present. DISH shall produce all relevant, non-privileged information and documents within its possession, custody, or control in effect from, or that relate to events that occurred after January 1, 2005, subject to the other provisions of this Order.

2. **DISH's objection limiting discovery to certain dealers**. Several of Plaintiff's discovery requests sought information and documents that relate to all DISH retailers and other entities that sell DISH goods or services. On relevance and undue burden grounds, DISH agreed to produce documents and information that relate only to the retailers and other entities referenced in the First Amended Complaint or by Plaintiff in his discovery requests. According to DISH, it has thousands of retailers, many of which do not engage in telemarketing. Plaintiff clarified that he seeks discovery relating only to entities that engage in telemarketing of DISH goods or services.

The Court orders that DISH shall produce requested information and documents within its possession or subject to its control that relate to any entity that engages in outbound telemarketing of DISH goods or services, subject to the other provisions of this Order.

3. **DISH's objection limiting discovery to certain statutory provisions.** DISH contends that Plaintiff is not entitled to information relating to alleged violations of TCPA provisions other than 47 U.S.C. §§ 227(b) (which relates to telemarketing by prerecorded message and autodialer) and 227(c) (which relates to telemarketing calls to persons listed on the national do not call registry). Plaintiff alleges that DISH violated those subsections. According to DISH, it need produce no documents relating to other TCPA provisions, including, for example, *United States v. DISH Network L.L.C.*, Case No. 09-3073 (C.D. Ill.), a case that DISH asserts was commenced under a different TCPA subsection, § 227(f), but that the Plaintiff states nonetheless alleged violations of §§ 227(b) and (c).

2

554708.a01

The Court orders that DISH shall produce documents and information that relate to alleged violations of §§ 227(b) and (c).

**4.  DISH's objection to producing documents obtainable through public records request.**  The Court rejects DISH's objection to producing documents it contends the Plaintiff may obtain through a FOIA or other similar public records request.  DISH's obligation is to produce such documents within DISH's possession, custody, or control, subject to the other provisions of this Order.

**5.  DISH's objection regarding identification of putative class members.**  DISH has objected to producing documents and information that DISH characterizes as intended solely to identify putative class members.

The Court orders that DISH shall produce non-privileged documents and information within DISH's possession, custody, or control, relating to complaints of unlawful telemarketing via auto-dialer, pre-recorded message, or in violation of the Do Not Call Registry in any way relating to DISH goods or services, whether received orally, in writing, or electronically, and DISH's response to those complaints, subject to the other terms of this order.

DISH shall produce the requested documents and information within 21 days of the entry of this order, unless the parties agree to a later deadline.

DATED this 20th day of August, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

3

Prepared by:

*/s/John W. Barrett*
John W. Barrett
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
jbarrett@baileyglasser.com

Edward M. Allen
Pendleton, Friedberg, Wilson & Hennessey, P.C.
1875 Lawrence St., 10th Floor
Denver, CO  80202-1898
(303) 839-1204
(303) 831-0786 *facsimile*
eallen@penberg.com

Edward A. Broderick, Esq.
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 951-3954 *facsimile*
ted@broderick-law.com

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Third Floor
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
   *Counsel for Plaintiff*


Approved as to form:

*/s/Eric L. Zalud*
Eric L. Zalud
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH
ezalud@beneschlaw.com

4

554708.a01

5

Benjamen E. Kern
Law Office of Benjamin E. Kern LLC
5327 Westpointe Plaza Drive, PMB 207
Columbus, OH 43228
bkern@kerniplaw.com

*Counsel for Defendant*